# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 12, 2011

## STATE OF TENNESSEE v. DEANDRE BLAKE

**Appeal from the Criminal Court for Shelby County**
**No. 08-06637     John T. Fowlkes, Jr., Judge**

---

**No. W2010-00468-CCA-R3-CD  - Filed September 23, 2011**

---

JOSEPH M. TIPTON, P.J., concurring.

I concur with the conclusion in the majority opinion that sufficient evidence supports the conviction in count one. I also concur with the majority's conclusion that the evidence is sufficient to support the conviction in count two and agree that the two felony murder convictions should have been merged into a single judgment. I write separately, however, to address a conflict between the language in the first degree murder statute and the language of the child abuse and child neglect statutes that the majority does not mention. I also note that the trial court erred by giving an incomplete instruction for count two, murder in the perpetration of aggravated child neglect, although I conclude that the error was harmless beyond a reasonable doubt.

## Sufficiency of the Evidence

"First degree murder is . . . [a] killing of another committed in the perpetration of or attempt to perpetrate any . . . aggravated child abuse [or] aggravated child neglect." T.C.A. § 39-13-202(a)(2) (2010). At the time of the crime, the Code provided the following with respect to the underlying felonies:

> **39-15-402. Aggravated child abuse and aggravated child neglect or endangerment.** – (a) A person commits the offense of aggravated child abuse or aggravated child neglect or endangerment, who commits the offense of child abuse, as defined in § 39-15-401(a), or who commits the offense of child neglect or endangerment, as defined in § 30-15-401(b), and:

(1) The act of abuse or neglect results in serious bodily injury to the child;

(2) The act of neglect or endangerment results in serious bodily injury to the child . . . .

T.C.A. § 39-15-402(a)(1), (2) (2006) (amended 2009).  The Code also stated:

> **39-15-401.    Child abuse and child neglect or endangerment. –** (a) Any person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury commits a Class A misdemeanor; provided, however, that, if the abused child is six (6) years of age or less, the penalty is a Class D felony.
>
> (b) Any person who knowingly abuses or neglects a child under eighteen (18) years of age, so as to adversely affect the child's health and welfare, commits a Class A misdemeanor; provided, that, if the abused or neglected child is six (6) years of age or less, the penalty is a Class E felony.

Id., § 39-15-401(a), (b) (Supp. 2008) (amended 2009).  I note that the Defendant was charged in count two with felony murder in the perpetration of aggravated child neglect and that the definition of "aggravated child neglect or endangerment" penalizes a defendant "who knowingly abuses or neglects a child . . . so as to adversely affect the child's health and welfare."  Id. at (b) (emphasis added).

The felony murder statute proscribes murder in the perpetration or attempt to perpetrate aggravated child abuse or aggravated child neglect, as if they are separate crimes. The child abuse and child neglect statute at issue in this case, however, defines child neglect as including abuse.[1]  The question arises whether acts of abuse that result in homicide may be prosecuted as either aggravated child abuse felony murder or aggravated child neglect

---

[1]I note that the current statutes designate three offenses: child abuse, child neglect, and child endangerment.  See T.C.A. §§ 39-15-401(a) (2010) (child abuse), (b) (child neglect), (c) (child endangerment), 39-15-402(a) (2010) (designating subsections (a), (b), and (c) of T.C.A. § 39-15-401 accordingly).  Further amendments were made to sections -401 and -402 in the 2011 legislative session that prohibit a person convicted of an offense under these statutes from contacting the victim, although those changes do not affect the subsections considered here.  See 2011 Tenn. Pub. Acts, ch. 313.

felony murder. In light of the present statutes, I question whether the felony murder statute retains a meaningful distinction between "aggravated child abuse" and "aggravated child neglect."

Historically, our felony murder statute proscribed homicide resulting from child abuse but was silent as to child neglect. See T.C.A. § 39-2-202 (1988 Supp.) (repealed by 1989 Tenn. Pub. Acts, ch. 591, § 1). In State v. Cynthia Denise Smith, No. 1153, Hamilton County (Tenn. Crim. App. Sept. 20, 1990), this court stated that the 1982 child abuse statute created "two separate ways (abuse and neglect) by which the offense could be committed and that two separate verdicts would be appropriate." Slip op. at 6.

In 1989, the child abuse and neglect statute was re-enacted in the 1989 Code with a similar definition. At that time, the legislature also created the aggravated child abuse statute which provided in part:

> Aggravated child abuse.–(a) A person is guilty of the offense of aggravated child abuse who commits the offense of child abuse as defined in § 39-15-401 and:
>
> (1) The act of abuse results in serious bodily injury to the child . . . .

T.C.A. § 39-15-401(a) (1991) (amended 1994, 1996, 1998, 2005, 2006, 2008, 2009). The Sentencing Commission Comments to this provision viewed both abuse and neglect offenses to be covered under -402(a).

Beginning in 1988, the first degree murder statute provided in part:

> First-degree murder.– . . . (2) It shall also be murder in the first degree to kill a child less than thirteen (13) years of age if the child's death results from one (1) or more incidents of a protracted pattern or a multiple incident of child abuse committed by the defendant against such child, or if such death results from the cumulative effects of such pattern or incidents.

T.C.A. § 39-2-202 (Supp. 1988) (repealed by 1989 Tenn. Pub. Acts, ch. 591, § 1).

Noting Cynthia Denise Smith, this court reversed a conviction for child abuse murder under the 1988 first degree murder statute, when the proof showed only, if anything, neglect. State v. Denise Maupin, No. 272, Washington County (Tenn. Crim. App. Oct. 7, 1991), aff'd,

859 S.W.2d 313, 315 (Tenn. 1993) (agreeing with court of criminal appeals that the evidence was insufficient). In so doing, this court concluded that "the legislature did not intend for criminal neglect to be covered by the child abuse murder statute." Slip op. at 10. "Mere proof of child neglect is not proof of child abuse so as to sustain a conviction for child abuse murder." Id.

In 1992, our supreme court ruled that the child murder statute discussed in Maupin was unconstitutional. State v. Hale, 840 S.W.2d 307, 313 (Tenn. 1992). In response, the legislature amended the first degree murder statute in part as follows:

> First degree murder.–(a) First degree murder is:
>
> . . .
>
> (4) A reckless killing of a child less than thirteen (13) years of age, if the child's death results from aggravated child abuse, as defined by § 39-15-402, committed by the defendant against the child.

T.C.A. § 39-13-202(a)(4) (Supp. 1993). Effective in 1995, however, the legislature amended the first degree murder statute to provide in part as follows:

> First degree murder.– (a) First degree murder is:
>
> . . .
>
> (2) A killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, or aircraft piracy . . . .

T.C.A. § 39-13-202(a)(2) (Supp. 1995) (amended 1998, 2002, 2007).

In 1998, the legislature added aggravated child neglect to the predicate felonies listed in the first degree murder statute. See T.C.A. § 39-13-202(a)(2) (Supp. 1998) (amended 2002, 2007). At the same time, the legislature amended the child abuse and neglect statutes to add the terms "neglected," "neglect," and "aggravated child neglect." For example, Tennessee Code Annotated section 39-15-402(a) (Supp. 1998) (amended 2005) provided in part:

Aggravated child abuse and neglect.–(a) A person commits the offense of aggravated child abuse or aggravated child neglect who commits the offense of child abuse or neglect as defined in § 39-15-401 and;

(1) The act of abuse or neglect results in serious bodily injury to the child . . . .

(Emphasis added). Our supreme court has said that at this juncture, the legislature intended to distinguish criminal conduct that caused injury to a child from criminal conduct that adversely affected a child's health and welfare by creating two distinct offenses, child abuse and child neglect. See State v. Dorantes, 331 S.W.3d 370, 385 n.15 (Tenn. 2011). Previously, child abuse and neglect had been a single offense that was committed by the alternate modes of injury or neglect. See State v. Mateyko, 53 S.W.3d 666, 668 n.1 (Tenn. 2001).

In 2005, the legislature enacted a statute that penalized (1) treating a child "in a manner as to inflict injury" or (2) abusing or neglecting a child "so as to adversely affect the child's health and welfare." 2005 Tenn. Pub. Acts ch. 487, § 1. Unlike the previous version of the statute, the 2005 amendments listed the offenses in separate subsections. In the contemporaneous amendments to the aggravated child abuse statute, the legislature identified the first alternative as "child abuse" and the second alternative as "child neglect or endangerment." Id., § 2 The legislature did not, however, amend the felony murder statute to conform with the language of the amended child abuse statutes. To the present date, the felony murder statute retains the predicate felonies of "aggravated child abuse" and "aggravated child neglect" even though the offense of "aggravated child neglect" contains the alternative that it may be committed through "abuse." See T.C.A. §§ 39-13-202(a)(2), 39-15-401(a), (b), 39-15-402(a). I note, as well, that the present child abuse statutes designate "child endangerment" as a separate offense under Code section 39-15-401(c) and 30-15-402(a), although "aggravated child endangerment" is not listed as a predicate felony in the felony murder statute. See id., §§ 39-15-401(c) (2010), 39-15-402(a) (2010), 39-13-202(a)(2) (2010).

As noted in Dorantes, the 1998 amendments to the first degree murder statute were

significant in the context of separating aggravated child abuse from aggravated child neglect when considering what constitutes a particular felony murder . . . . [U]nder that provision, murder in the perpetration of aggravated child abuse is a separate offense from murder in the perpetration of

-5-

aggravated child neglect, no different than murder during the perpetration of air piracy, for example. . . . I believe that under the statute, charging murder in the perpetration of aggravated child abuse did not charge murder in the perpetration of aggravated child neglect.

Dorantes, 331 S.W.3d at 384 (quoting State v. Genaro Edgar Espinosa Dorantes, No. M2007-01918-CCA-R3-CD, Davidson County) (dissenting opinion of Tipton, P.J.)). With respect to felony murder, our supreme court stated, "Our General Assembly chose to provide two separate and distinct courses of conduct, aggravated child abuse and aggravated child neglect, upon which a felony murder may be predicated." Dorantes, 331 S.W.3d at 384. Dorantes also noted that the legislative history of the 1998 amendments to the felony murder statute made clear that their purpose was to define aggravated child abuse and aggravated child neglect as separate offenses. Id., 331 S.W.3d at 370, n.13.

I note that Dorantes interpreted the felony murder statute in light of a previous version of the aggravated child abuse and aggravated child neglect statute. The first degree murder statute addressed in Dorantes, however, remains the same, save the addition of the predicate felonies of rape of a child and aggravated rape of a child in 2007. I question whether in adding "abuse" as a means of committing the offense of "child neglect and endangerment," the legislature intended, without having said so, to eliminate its previous designation of these two separate and distinct means of committing felony murder. See Wilson v. Johnson Co., 879 S.W.2d 807 (Tenn. 1994) (stating that when enacting legislation, the General Assembly is presumed to know the existing law). Construing the statutes in the same manner as Dorantes, felony murder through aggravated child abuse is defined primarily by the injury inflicted on the victim and corresponds with child abuse as proscribed by Code section 39-15-401(a). Felony murder through aggravated child neglect is defined primarily by the effect on the child's health and welfare from a defendant's abusive or neglectful conduct and corresponds with child neglect and endangerment as proscribed by Code section 39-15-401(b).

On the other hand, I recognize that a rule of statutory construction requires this court to presume that the legislature did not intend an absurd result and to avoid such a result by reasonable construction, to the extent possible. See, e.g., State v. Harrison, 692 S.W.2d 29, 31 (Tenn. Crim. App. 1985). Given this rule, I cannot say that the majority's sufficiency-of-the-evidence analysis of aggravated child neglect felony murder as charged in count two is incorrect. I cannot ignore the presence of the word "abuse" in Code section 39-15-401(b), the child neglect and endangerment statute. It, therefore, permits construction of felony murder by aggravated child neglect as including acts of abuse, even though separate statutory provisions exist proscribing child abuse and aggravated child abuse felony murder, and

-6-

although prior legislative intent was to define child abuse and child neglect as distinct alternatives.

Thus, the evidence in the light most favorable to the State reflects that the Defendant abused the victim by beating her, that his actions had an adverse effect on her health and welfare, and that she suffered serious bodily injury. See T.C.A. §§ 39-15-401(b) (child neglect and endangerment), 39-15-402(a)(2) (aggravated child neglect and endangerment through serious bodily injury to a child). The record likewise reflects that the victim was killed in the perpetration of these acts. See id., § 39-13-202(a) (felony murder by aggravated child neglect). Following this logic, the evidence was sufficient to support the conviction in count two. I agree with the majority that counts one and two should have been merged into a single conviction of felony murder.

## Jury Instructions

Although not raised by the parties and not addressed by the majority opinion, I note an error in the jury instructions for count two. The trial court gave the following instructions:

## COUNT TWO

## FIRST DEGREE MURDER

## (KILLING IN PERPETRATION OF OTHER CRIMES)

Any person who commits first degree murder is guilty of a crime.

For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

that the defendant unlawfully killed the alleged victim;

and

that the killing was committed in the perpetration of or the attempt to perpetrate the alleged Aggravated Child Neglect; that is, that the killing was closely connected to the alleged Aggravated

-7-

Child Neglect and was not a separate, distinct and independent event;

and

that the defendant intended to commit the alleged Aggravated Child Neglect.

The elements of Aggravated Child Neglect will be defined [and] explained to you later in these instructions.

The intent to commit the underlying felony must exist prior to or concurrent with the commission of the act causing the death of the victim. Proof that such intent to commit the underlying felony existed before, or concurrent with, the act of killing is a question of fact to be decided by the jury after consideration of all the facts and circumstances. Consideration of such factors as time, place and causation is helpful in determining whether a killing was committed in the perpetration of the alleged Aggravated Child Neglect. The killing may precede, coincide with, or follow the Aggravated Child Neglect and still be considered as occurring in the perpetration of the Aggravated Child Neglect, so long as there is a connection in time, place and continuity of action.

## AGGRAVATED CHILD NEGLECT

The state must have proven beyond a reasonable doubt the existence of the following essential elements:

that the defendant knowingly neglected a child under eighteen (18) years of age so as to adversely affect the child's health and welfare;

and

that the act of neglect resulted in serious bodily injury to the child;

and

-8-

that the child was eight (8) years of age or less.

Significantly, the jury instructions for count two omit the option that the predicate felony of aggravated child neglect may be committed by "abuse." See T.C.A. §§ 39-13-202(a)(2) (2010), 39-15-402(a) (2006); 39-15-401(b) (Supp. 2008); T.P.I.–Crim. 21.02(b), Part B (pattern jury instruction for offenses committed on or after July 1, 2005). The instruction given was the proper instruction for offenses committed under an earlier version of the child neglect statute. See generally T.P.I.–Crim. 21.02(a).

In criminal cases, the trial court has the duty to charge the jury on all of the law that applies to the facts of the case. See State v. Harris, 839 S.W.2d 54, 73 (Tenn. 1992) (citing State v. Thompson, 519 S.W.2d 789, 792 (Tenn. 1975)). Anything short of a complete charge denies the defendant his constitutional right to a trial by jury. See State v. McAfee, 737 S.W.2d 304, 308 (Tenn. Crim. App. 1987). An erroneous jury instruction may deprive the defendant of the constitutional right to a jury trial and is subject to a harmless error analysis. See State v. Garrison, 40 S.W.3d 426, 433-34 (Tenn. 2000). "In such a case, the inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to error." State v. Hollis, 342 S.W.3d 43, 51-51 (Tenn. Crim. App. 2011) (internal quotations omitted).

In this regard, I note that the Defendant's conduct does not fit the definition of "neglect" of a child. See Mateyko, 53 S.W.3d at 671 (applying the definition of "neglect" from the child welfare provisions of the Code to a previous version of the child neglect statute: "a child is neglected whenever the breach of a legal duty endangers the health or welfare of that child or otherwise places the child's health or welfare at some risk of harm"); State v. Adams, 24 S.W.3d 289, 295 (Tenn. 2000) (same). Thus, the jury's finding of aggravated child neglect in count two was error under the instruction given because the State did not prove beyond a reasonable doubt that the Defendant neglected the victim. I note, though, that Code section 39-13-401(b) provides the alternative of "abuse" as the other option by which a defendant commits the offense. By virtue of its finding in count one, the jury found that the Defendant abused the victim. Notwithstanding the lack of proof to support a finding of neglect, the jury's finding of abuse in count one supplies the necessary action by the Defendant that adversely affected the victim's health and welfare.

I conclude that the jury's verdict on count two was not attributable to the instructional error. The jury found the Defendant guilty of felony murder in count two despite the omission of "abuse" as the alternative means of committing the predicate offense that was actually supported by the proof. Although the instruction was deficient, the jury's finding of abuse in count one conclusively establishes that it would have found abuse as the means

by which the Defendant adversely affected the victim's health and welfare in count two. The error was harmless beyond a reasonable doubt.

In all other respects, I concur.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE