STATE of Tennessee, Appellant,

v.

Michael HARRISON, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 9, 1985.

Permission to Appeal Denied by Supreme Court May 13, 1985.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Maurine Carroll, Asst. Dist. Atty. Gen., Franklin, for appellant.

Gayle T. Moyer, Franklin, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the State from a judgment granting a motion to dismiss an indictment charging the defendant with violating T.C.A. § 39–5–202. The indictment charges:

"The Grand Jurors for the State of Tennessee, duly elected, empaneled, sworn and charged to inquire for the body of the County of Williamson, and State aforesaid, upon their oath aforesaid, present that Michael Harrison heretofore, to-wit, on the 11th of July, 1983, before the finding of this indictment, in the County aforesaid, unlawfully and feloniously did possess a weapon, towit (sic); a knife, while on the grounds of the Williamson County Workhouse, without the express consent of the Sheriff or Chief Jailor of the said Williamson County Workhouse, in violation of Section 39–5–202 of the Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee."

T.C.A. § 39–5–202, provides:

"39–5–202. Weapons, explosives, intoxicants and drugs on grounds of county jail or workhouse prohibited—List of authorized personnel and items—Penalty.—(a) It shall be unlawful for any person to send, take, introduce or attempt to introduce into or upon the grounds of any county jail or workhouse, or to have in his possession while thereon any weapon, ammunition, explosive, intoxicant, or any controlled substance as defined by chapter 14 of title 52 without the express consent of the sheriff or superintendent of such county jail or county workhouse, provided, however, that no such person shall be deemed to have violated the provisions of this section unless the items or substances set out herein were sent, taken, introduced or an attempted introduction was made onto the grounds of such institution with the intended purpose of giving or selling such items or substances to the inmates therein.

(b) The sheriff or superintendent of each county jail or workhouse shall post in a conspicuous place in each such jail or workhouse, and shall keep up to date a list of the names of guards, employees, and other persons authorized to have in their possession while upon the grounds of such jail or workhouse, any of the contraband items listed in subsection (a), together with the complete description of the item or items such person is authorized to have in his possession. When and if the sheriff or superintendent authorizes any person not on such posted list to have in his possession while upon the grounds of the jail or workhouse any contraband item listed above, he shall provide such person with written authorization.

(c) Any person who violates the provisions of subsection (a) shall be guilty of a felony and upon conviction thereof shall be imprisoned in the state penitentiary not less than one (1) nor more than ten (10) years. (Citations omitted)."

It was stipulated that the defendant was an inmate at the Williamson County Workhouse. The trial judge held that the statute did not apply to inmates of the jail or workhouse but only to other persons coming upon the grounds of a jail or workhouse. The following provision in the stat-

ute convinced the trial judge that this was the proper construction:

"... provided, however, that no such person shall be deemed to have violated the provisions of this section unless the items or substances set out herein were sent, taken, introduced or an attempted introduction was made onto the grounds of such institution with the intended purpose of giving or selling such items or substances to the inmates therein."

Although criminal statutes are to be strictly construed in favor of the defendant, *Key v. State*, 563 S.W.2d 184, 188 (Tenn.1978), they are not to be "construed so strictly as to defeat the obvious intention of the legislature." *State v. Netto*, 486 S.W.2d 725, 728 (Tenn.1972). Hence, they must be construed in "the light of reason, having in mind the object of the statute and the mischief it aims at." *Id.*

Obviously, by its terms the statute now in dispute prohibits both the introduction and the possession of contraband in the jail or workhouse setting. Furthermore, the dual proscription applies to "any person" who introduces or possesses such contraband. It thus applies to inmates as well as guards, administrators, visitors and all other non-inmates who introduce contraband into jail or possess it while on jail grounds.

The statute provides two exceptions, however. One would permit the introduction or possession of contraband with the express consent of the sheriff. The other ostensibly makes the statute inapplicable unless the proscribed "items or substances ... were sent, taken, introduced or an attempted introduction was made ... with the intended purpose of giving or selling such items or substances to the inmates therein."

The defendant argues that this provision is applicable to a charge of possession of contraband, as well as to its introduction, and that the failure of the indictment to allege that the knife he possessed had been previously introduced into the jail with illegal intent makes the indictment fatally defective. We disagree.

We note first that the language of the exception tracks the language of the introduction section of the statute but does not mention possession. Hence, the wording of the statute is ambiguous with regard to the application of the exception to the offense of the possession, as opposed to the introduction, of contraband. It thus becomes our obligation to interpret the statute so as to resolve this ambiguity. *Roddy Mfg. Co. v. Olsen*, 661 S.W.2d 868 (Tenn. 1983).

One of the accepted rules of statutory interpretation is that courts must presume that the legislature in enacting the provision in question did not intend an absurdity, and that such a result must be avoided, if possible, by reasonable construction of the statute. *Epstein v. State*, 211 Tenn. 633, 366 S.W.2d 914 (1963). In this case, acceptance of the defendant's interpretation of the statute would produce an absurd result—an inmate's possession of a knife he found on the grounds of the jail or one he fashioned himself would not constitute a felony under T.C.A. § 39–5–202, because the state could not plead and prove that the knife was introduced at some prior time by someone who intended to "give or sell" it to an inmate. Instead, possession of a knife found or manufactured on the premises would be only a misdemeanor under T.C.A. § 39–6–1710, which proscribes the carrying of a dangerous weapon for the purpose of going armed.

But possession of a dangerous weapon by a jailed inmate is equally dangerous whether that weapon was imported into the jail for an unlawful purpose, or was converted to such an unlawful purpose after it was innocently introduced, or was manufactured by the inmate on the premises. It would be absurd to conclude that the legislature intended a substantially different penalty for substantially the same misconduct—possession of a weapon on jail premises.

The same argument is applicable to the introduction or possession of a controlled substance, also prohibited under T.C.A.

§ 39–5–202. Morphine, for example, might be brought into a jail for the purpose of giving or selling it to an inmate, and if so, possession of that morphine would constitute a felony under § 39–5–202. If, however, the morphine had been prescribed for a visitor who merely carried it into the jail in her purse, with no unlawful purpose in mind, and the morphine was then purloined by an inmate, his possession of the morphine would not constitute a felony under the statute, assuming the defendant's interpretation of § 39–5–202 is correct. But an inmate's possession of a controlled substance such as morphine is equally dangerous whether he is given or sold the narcotic by our hypothetical visitor or surreptitiously takes it from her purse in the visitors' room. It is ludicrous to imagine that the legislature meant for possession gained by the first means to be a felony under T.C.A. § 39–5–202(a), but for possession in the second instance to amount only to a misdemeanor under T.C.A. § 39–6–417(b).

It is thus obvious to us that the application of the exception in T.C.A. § 39–5–202 to the offense of possession of contraband in jail would lead to an absurd result and should be avoided under the authority of *Epstein v. State, supra.* But there is an additional reason why we believe the statute should not be construed as the defendant now insists, and that reason involves the impossible burden of proof that such a construction would put on the state. Although the state should obviously be required to plead and prove all essential elements of an offense, it would be impossible in the vast majority of cases involving an inmate's possession of contraband for the state to discover how the inmate came into possession of that contraband. Thus, even if we were to hold that the exception in the statute applies to possession, which we do not, the matters contained in the exception would constitute an affirmative defense and not an essential element of the offense. *See generally State v. McLerran,* 604 S.W.2d 841 (Tenn.1980).

In summary, we hold that the exception in the last clause of T.C.A. § 39–5–202(a) does not apply to the possession of contraband proscribed in that subsection. We thus overrule the trial court's determination that the statute in question applies only to non-inmates, and we further reject the defendant's argument that the indictment is defective because the state failed to allege that the knife in question had been unlawfully introduced onto jail premises. It follows that the indictment is valid on its face and should not have been dismissed.

The judgment of the trial court is therefore reversed and the case is remanded for further proceedings not inconsistent with this opinion.

O'BRIEN and DAUGHTREY, JJ., concur.