IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2018 Session

## NIKOLAUS JOHNSON v. STATE OF TENNESSEE

**Interlocutory Appeal from the Criminal Court for Sullivan County**
**No. 107676      R. Jerry Beck, Judge**

_____

### No. E2016-01660-CCA-R9-PD

_____

In this interlocutory appeal, the petitioner, Nikolaus Johnson, appeals the ruling of the post-conviction court ordering that he provide discovery materials to the State. The rules governing post-conviction proceedings impose upon the State an automatic and mandatory obligation to provide discovery materials to the petitioner as part of the post-conviction proceeding even in the absence of a request for such materials. Although Rule 28 of the Rules of the Tennessee Supreme Court does not include a similar provision requiring automatic and mandatory reciprocal discovery from the petitioner to the State, the Post-Conviction Procedure Act provides that Tennessee Rule of Criminal Procedure 16 governs discovery in a post-conviction proceeding. Nothing in Rule 28 specifically exempts a post-conviction petitioner from complying with the discovery requirements of Rule 16. Accordingly, we reverse that part of the post-conviction court's ruling that held that the filing of a pro se petition for post-conviction relief, without more, triggers in the post-conviction petitioner a duty to provide reciprocal discovery to the State. Instead, we hold that a post-conviction petitioner's duty to provide reciprocal discovery to the State arises when the State has fully complied with its own mandatory discovery obligation and has requested reciprocal discovery under the terms of Rule 16. Because the State has not yet satisfied its duty to disclose in this post-conviction proceeding, the post-conviction court erred by ordering the petitioner to provide reciprocal discovery to the State. Regarding the post-conviction court's order that the petitioner disclose prior to the evidentiary hearing the underlying facts and data for those expert witnesses the petitioner intended to present at the evidentiary hearing, we conclude that Tennessee Rule of Evidence 705 authorizes the court's order and, therefore, affirm.

**Tenn. R. App. P. 9; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Daniel E. Kirsch, Deborah Y. Drew, and Andrew L. Harris, Office of the Post-Conviction Defender, for the appellant, Nikolaus Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Kenneth F. Irvine, Jr., District Attorney General Pro Tem, for the appellee, State of Tennessee.

**OPINION**

The procedural history of this case is protracted and complex. A Sullivan County Criminal Court jury convicted the petitioner of one count of the first degree premeditated murder of Bristol Police Department Officer Mark Vance, who had been dispatched to the home of the petitioner's girlfriend to answer a call that the petitioner was "at the house threatening her with a gun," and sentenced him to death. *State v. Johnson*, 401 S.W.3d 1, 7 (Tenn. 2013). Our supreme court affirmed the petitioner's conviction as well as the sentence of death on direct appeal.

On March 7, 2014, the pro se petitioner filed a petition for post-conviction relief that presented a variety of challenges to the petitioner's conviction and sentence of death. Four days later, the post-conviction court entered an order appointing the Office of the Post-Conviction Defender to represent the petitioner during the post-conviction proceeding. On March 27, 2014, the post-conviction court entered a preliminary order as required by Supreme Court Rule 28, *see* Tenn. Sup. Ct. R. 28, § 6, which order, among other things, directed the State "to provide discovery to [the] petitioner in accordance with Rule 16, Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds in the petition."

On April 10, 2014, the trial court entered a "notice" that provided "an update of events in this post-conviction case." The notice indicated that the Sullivan County District Attorney General's Office had obtained copies of sealed exhibits from the petitioner's trial record by filing with the Sullivan County Circuit Court Clerk a request via Tennessee Code Annotated section 10-7-503.

As a result of this revelation, on April 29, 2014, the petitioner moved the post-conviction court to grant "appropriate relief due to the unauthorized production of sealed records to the District Attorney General's Office." Specifically, the petitioner asked that the court direct the State to return all copies of the sealed exhibits to the court clerk, provide copies of the sealed exhibits previously provided to the State to the petitioner for review, reseal all exhibits and prohibit their release to the State or the public, and prohibit the State from relying on any information gleaned from its unauthorized access to the sealed exhibits. On that same date, the petitioner responded to

-2-

the State's request to unseal certain previously-sealed exhibits. The petitioner's response indicates that the exhibits that the State sought to unseal contained expert reports and that the State's request to unseal the exhibits was premature.

On May 15, 2014, the post-conviction court entered an agreed order providing that previously-sealed exhibits 83, 84, and 91 would be unsealed "for the limited purpose of allowing" the petitioner or his counsel to copy the exhibits and that the State had withdrawn its request to unseal the exhibits. The agreed order also indicated that the State had already obtained copies of a number of sealed exhibits and forwarded copies of these exhibits to the petitioner's counsel. The order indicated that the State had withdrawn its previous request to use the contents of the sealed exhibits and had agreed to return its copies of these exhibits to the court clerk.

In his February 6, 2015 motion for an extension of time to file his amended petition for post-conviction relief, the petitioner indicated that post-conviction counsel's efforts to thoroughly investigate potential claims for relief had been seriously hampered by the Sullivan County District Attorney General's Office and the Tennessee Bureau of Investigation ("TBI"). Apparently, the Sullivan County District Attorney General had written to each of the jurors from the petitioner's case and told them that they should contact the district attorney's office before speaking with anyone who represented the petitioner. Additionally, TBI Agent Brian Pritchard telephoned certain jurors and told them that investigators for post-conviction counsel's office "were out harassing people" and that jurors did not have to speak with investigators. On April 1, 2015, the petitioner moved the post-conviction court to direct "jurors and alternates [to] avail themselves to post-conviction counsel for interviews." In his motion, the petitioner indicated that the District Attorney General admitted that he had contacted all 15 jurors by letter, which letter had suggested to jurors that they contact the district attorney's office before speaking to investigators for post-conviction counsel and that they had the right to have a representative from the district attorney's office present during any interview. The District Attorney General also acknowledged that he had directed Agent Pritchard to contact all the jurors to reiterate this message.

The petitioner filed an amended petition for post-conviction relief on April 10, 2015. One week later, the petitioner moved the post-conviction court to disqualify the Sullivan County District Attorney General's Office from the case "due to an actual conflict of interest and the appearance of impropriety." As grounds, the petitioner cited that office's improperly obtaining copies of sealed trial exhibits that contained confidential, case-related communications and information without providing notice to the petitioner and that office's actions with regard to the petitioner's attempts to interview the jurors. The State responded that recusal was not warranted because the petitioner had

failed to establish that he was prejudiced by the district attorney's review of the sealed exhibits or by the contact with the jurors.

At the June 23, 2015 hearing on the disqualification motion, the post-conviction court noted that, although neither party had made a formal request for discovery materials pursuant to Tennessee Rule of Criminal Procedure 16, the preliminary order had directed the State to provide the petitioner with discovery materials as required by Tennessee Supreme Court Rule 28. The post-conviction court then stated, "But Rule 16 provides for reciprocal discovery. . . . In other words, I've ordered the State to turn it over, so that triggers reciprocal discovery from the [p]etitioner." The post-conviction court repeatedly indicated its belief that Rule 28 "required" the petitioner "to make reciprocal discovery [be]cause it's triggered by the [c]ourt putting down the order it put down." The court also suggested that those portions of Rule 16 that exempted from discovery attorney-client communications would not prohibit disclosure of the confidential, sealed documents that the State had already improperly obtained because the petitioner had raised a claim of ineffective assistance of counsel. The court theorized that although the State had improperly obtained the confidential, sealed documents, the fact that it would be entitled to them as part of reciprocal discovery from the petitioner "mitigated" any damage caused by the original method of disclosure.

Former Sullivan County District Attorney General Greeley Wells, who had retired by the time the petitioner filed the post-conviction petition in this case but who had been appointed an assistant district attorney general pro tem to assist in the post-conviction proceeding, admitted that current Sullivan County District Attorney General Barry Staubus had filed a request pursuant to the public records act to view and copy the sealed documents in the trial record. He said that he had "since learned" that the State would have been entitled to the sealed documents as part of any reciprocal discovery materials the petitioner was required to provide under the terms of Rule 16. General Wells also indicated that the State had fully complied with its discovery obligation under Rule 28. General Wells expressed his belief that the entire trial record, including all sealed exhibits, was "fair game" under the public records act and that, as a result, neither he nor General Staubus had engaged in anything improper. He added that the petitioner had waived the confidentiality of the sealed exhibits that would have previously been protected by attorney-client privilege by raising a claim of ineffective assistance of counsel.

At the conclusion of the hearing, the post-conviction court ordered the parties to hone their arguments via written motion and continued the proceeding. The court reconvened on September 29, 2015.

At the September 29, 2015 proceeding, the post-conviction court indicated for the record that on June 13, 2013, the Office of the Post-Conviction Defender had requested "a copy of the Sullivan County District Attorney's complete file in the [p]etitioner's case pursuant to" Code section 10-7-503, and "[t]he district attorney's office complied with the request as required by law, with the exception of any work product." Then, in February 2014, General Staubus moved the Tennessee Supreme Court to withdraw the petitioner's trial record, and the supreme court returned the trial record to the Sullivan County Criminal Court "with an admonishment" that exhibits 83, 84, and 91 were to "remain sealed pending an order of the trial court to unseal them." The supreme court's order provided that the trial court could unseal the documents "[i]f issues raised in the post-conviction petition make it necessary and appropriate for the exhibits to be unsealed, or if counsel for the petitioner does not object to the exhibits being unsealed." General Staubus returned the sealed exhibits to the appellate court clerk on March 12, 2014. In the meantime, the petitioner filed a pro se petition for post-conviction relief on March 7, 2014.

On March 28, General Staubus, by letter to the trial court clerk, made a public records act request for "any and all filings" in the petitioner's case; he did not provide any notice of his request to the petitioner or the trial/post-conviction court. The trial court clerk complied with the request. When the post-conviction court became aware of the actions of the Sullivan County District Attorney's Office, the court notified the petitioner and post-conviction counsel. The court observed that it was "significant . . . that the sealed records were opened after the post-conviction case was filed." After the post-conviction court notified post-conviction counsel of what had transpired, the petitioner moved the court to disqualify the Sullivan County District Attorney's Office from further participation in the post-conviction proceeding.

The petitioner argued that the district attorney's obtaining the sealed exhibits via the public records act was not authorized by law, that that office "knew that the records were there; they knew that they were getting sealed records that they shouldn't have been reviewing." The State indicated that although it had viewed some sealed exhibits, it had not viewed those sealed exhibits specifically protected by the supreme court's order. The State expressed the belief that it would eventually be entitled to discover the documents that it had already viewed as part of the post-conviction proceeding. The State argued that it had done nothing improper.

The post-conviction court again reiterated its opinion that the filing of a post-conviction petition triggers the State's obligation to provide discovery during the post-conviction proceeding *and* the petitioner's obligation to provide reciprocal discovery. The petitioner insisted that the filing of the post-conviction petition did not trigger such an obligation, arguing that Rule 16 "requires a trigger by the defendant or the

-5-

[p]etitioner" and that the rules governing post-conviction proceedings placed no obligation on the petitioner to provide reciprocal discovery. In addition, the petitioner argued that "even if [the petitioner was] subject to reciprocal discovery, the documents that we were talking about here should not be disclosed as part of a discovery obligation unless they are documents that we intend to rely on during our post-conviction hearing." The court disagreed, saying, "I can trigger the turning over of information [by] the State [that] would seem to give a reciprocal duty by the [petitioner] to turn over information. . . . That's sort of the theory I'm going on, right or wrong." The petitioner emphasized that, even if reciprocal discovery was required, it would be limited by the terms of Rule 16 and would only encompass any evidence covered by the attorney-client privilege that fell within the limited waiver of that privilege triggered by the petitioner's precise claim of ineffective assistance of counsel and that the petitioner intended to rely on at the evidentiary hearing. The State argued that the petitioner had already made claims of ineffective assistance of counsel that rendered these items discoverable. Post-conviction counsel countered that counsel for the petitioner had "looked at every single document that we're talking about here . . . and showed how the discovery provisions show that these documents are not discoverable."

With regard to the State's viewing sealed exhibits in the trial record, the post-conviction court indicated that the public records act did not authorize the State to view any sealed exhibit and that any unsealing of exhibits could be accomplished only by order of the court. General Wells admitted that although he did not know precisely what the sealed exhibits would contain, he "knew the general purpose of what was in them. The general purpose was to get examinations done of the [petitioner] by mental health." Nevertheless, he maintained that neither he nor General Staubus had done "anything that was outside the law, that was immoral, or that was in violation of the rules of professional responsibility." General Wells also clarified his earlier assertion that the State had complied with its discovery obligation under Rule 28, telling the court that the State had not provided any discovery materials to the petitioner since the filing of the post-conviction petition but that, "[p]rior to that time, we turned over the entire contents of our file, save for work product, to the [p]etitioner."

Regarding the petitioner's request to disqualify not only General Wells and General Staubus but the entire Sullivan County District Attorney General's Office, General Staubus stated that only he and General Wells had reviewed the sealed exhibits but admitted "that the case has been discussed" with other individuals in the office "and all those people would be under his supervision."

At the conclusion of the hearing, the post-conviction court took the issues under advisement. Via an October 29, 2015 order, the post-conviction court found "that the State was not entitled to make a request pursuant to the [Tennessee Public Records

Act] after the filing of the petition for post-conviction relief in this matter" and that "even if a proper [public records act] request had been made, the State would not have been entitled to copies of sealed documents without first seeking the permission of this [c]ourt to unseal the documents." The post-conviction court concluded that although "all or part of the information contained in the sealed documents may become discoverable during the course of the hearings in this matter," the State had "never filed a request for discovery in this matter or sought access to the sealed documents through an order of this [c]ourt." The post-conviction court ruled that although "the filing of the petition acted as a request for Rule 16 discovery in the post-conviction context," "any judgment on the discoverability of the documents would be speculative at this time." Ultimately, the post-conviction court disqualified the entire Sullivan County District Attorney General's Office based upon Generals Wells' and Staubus' becoming "privy to confidential information which has created a conflict of interest on their part" and their admission "that if a conflict existed and disqualification was required it should be imputed to the entire office as there had been no effort to shield other members of the office from discussions about the case." Later, the post-conviction court appointed Knox County Assistant District Attorney General Kenneth Irvine as District Attorney General Pro Tem in this case.

On June 21, 2016, the State moved the post-conviction court to unseal trial exhibits 83, 84, and 91, which, the State alleged, "dealt with mental health evaluations of the petitioner" and which had become relevant due to the petitioner's alleging "multiple failings by his trial attorneys as it relates to the development and use of mental health proof and their failure to override his decision not to present such mental health proof during the sentencing phase of his trial" and "error by the [c]ourt in its handling of the [petitioner's] decision to forego mental health proof at the sentencing phase." The State also filed a request for reciprocal discovery pursuant to Rule 16, for notice of any expert witnesses and reports prepared by those experts that the petitioner intended to present at the evidentiary hearing, and "pre-hearing disclosure of any facts or data underlying any expert opinions the petitioner may seek to offer." The petitioner opposed the State's request to unseal the exhibits, arguing that the exhibits were protected by the attorney-client privilege as well as the petitioner's constitutional rights to counsel and due process. The petitioner also argued that the exhibits were not discoverable unless and until the petitioner introduced them at the post-conviction hearing. The petitioner maintained that he was under no obligation to provide any of the material related to expert witnesses that the State had requested. Nevertheless, the petitioner agreed, "as a matter of comity," "to provide the names and addresses of expert witnesses that the petitioner intends to call at the evidentiary hearing" and "copies of the reports prepared by these experts." The petitioner refused to disclose prior to the evidentiary hearing "any facts or data underlying any expert opinions." The petitioner also maintained that the rules governing post-conviction proceedings did not impose upon the petitioner a duty to provide

-7-

reciprocal discovery to the State and that, even if they did, "the State's request exceeds the scope of a reciprocal discovery response."

At the July 6, 2016 hearing on the various motions, the State argued that, pursuant to Tennessee Rule of Evidence 705, the post-conviction court had the discretion to require the petitioner to provide the facts or data underlying any expert opinions the petitioner intends to offer at the evidentiary hearing. The court concluded that under the terms of Rule 705, "the State would be entitled to . . . the underlying facts and data of . . . any expert to be relied upon" prior to the evidentiary hearing.

The State argued that the post-conviction court should find that the petitioner had waived any claim to attorney-client privilege for exhibits 83, 84, and 91 by his specific allegations of ineffective assistance of counsel. The State asked the court to unseal the exhibits. The court agreed: "I think, if you're relying on those issues raised, then the State should be provided a reasonable opportunity to review the sealed exhibits and possibly to introduce them if the [p]etitioner does not – as it relates to what mental health information was available to counsel at the time of trial." The State reiterated that it was not asking for the sealed exhibits to be turned over by the petitioner but to be unsealed so that the State could simply obtain copies from the court clerk. The State argued that it would be entitled to use the documents to rebut the petitioner's claims because they are "the very best evidence of what was known at the time."

As to the issue of the petitioner's reciprocal discovery obligation, the State argued that Code section 40-30-109 established a broad mandate that Rule 16 would be the sole vehicle for discovery in a post-conviction proceeding and that Rule 28 did not alter that. Instead, the State argued, Rule 28 simply reflected the supreme court's decision to mandate that the State provide discovery on the front end without a request from the petitioner as a means to "speed up the process" and should not be read to abrogate the petitioner's discovery obligation in a post-conviction proceeding. The State acknowledged that it had not provided any discovery materials during the post-conviction proceeding but that its reticence was attributable to the fact that "there was a public records act request where much more than was required under Rule 16 was turned over to the [p]etitioner, so they have those materials." The State argued that "[i]t makes no sense to say we have to turn them over again in order to keep our Rule 16 options available."

The post-conviction court ordered the State to ensure that the petitioner had received everything via the public records act request that he was entitled to under Rule 28 and to disclose anything that might have been inadvertently excluded from the earlier disclosure. The court ordered the petitioner to comply with the State's request for reciprocal discovery related to its expert witnesses prior to the evidentiary hearing, observing that allowing the petitioner to wait until the date of the hearing to reveal the

evidence would likely result in the expert's having to come to court twice, which the court characterized as a "waste of time . . . and expenses." The court ordered the petitioner to provide reciprocal discovery and a notice of the expert witnesses he intended to present by August 1, 2016, and to also notify the court by that date whether the State's request to unseal the exhibits had been rendered moot.

In a July 22, 2016 written order, the post-conviction court granted the State's motion for notice of all expert witnesses and ordered the petitioner to provide the requested information by August 1, 2016, for those witnesses to be presented at the August 2016 hearing and by September 19, 2016, for those witnesses to be presented at the October 2016 hearing.[1] The court reserved ruling on the State's request to unseal exhibits 83, 84, and 91 pending notification from the petitioner whether "the requested information will be discovered by other means." The post-conviction court granted the State's motion for reciprocal discovery "to the extent required by Rule 16," explaining,

> This [c]ourt finds [the p]etitioner was aware of or should have been aware of the requirements of the relevant statutes and rules which govern post-conviction proceedings when he filed his petition for post-conviction relief. Therefore, in filing his petition, [the p]etitioner invoked his right to Rule 16 discovery which this [c]ourt required the State to provide in its preliminary order. The State indicated on the record that [the p]etitioner has been provided with everything Rule 16 would require and more and that it is aware of its continuing duty to provide the same.

On August 1, 2016, the petitioner moved the trial court to grant him permission to pursue an interlocutory appeal under Tennessee Rule of Appellate Procedure 9. The post-conviction court granted the request, noting that the issue of the post-conviction petitioner's discovery obligation was an issue of first impression. This court granted the petitioner's application for Rule 9 review.

At issue in this interlocutory appeal is the post-conviction court's order requiring the petitioner to provide reciprocal discovery to the State and specifically that court's conclusion that the act of filing a post-conviction petition triggered a reciprocal discovery obligation. The petitioner asserts that the post-conviction court erred by so concluding, arguing that nothing in the plain language of either the Post-Conviction Procedure Act or Tennessee Supreme Court Rule 28 imposes a reciprocal discovery

---

[1] The post-conviction court had already arranged to hold the evidentiary hearing in two parts to accommodate the scheduling of witnesses.

obligation on the petitioner. He also contends that even if a reciprocal discovery obligation exists, the State has failed to trigger it because the State has not complied with its own discovery obligation. Additionally, the petitioner contends that the post-conviction court erred by concluding that Tennessee Rule of Evidence 705 obligated him to provide prior to the evidentiary hearing the facts or data underlying the opinions of those expert witnesses he intends to present at the evidentiary hearing. The State avers that the rules governing post-conviction procedure oblige the petitioner to provide reciprocal discovery when the State had complied with its discovery obligation and that it had satisfied its discovery obligations.

"[T]he availability and scope of post-conviction relief lies within the discretion of the General Assembly because post-conviction relief is entirely a creature of statute." *Bush v. State*, 428 S.W.3d 1, 15 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)). Tennessee Code Annotated section 40-30-118 empowers the supreme court to "promulgate rules of practice and procedure consistent with this part, including rules prescribing the form and contents of the petition, the preparation and filing of the record and assignments of error for simple appeal and for delayed appeal in the nature of a writ of error." *Id.* § 40-30-118. To this end, the supreme court has adopted Rule 28 of the rules of the supreme court to "supplement the remedies and procedures set forth in the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, §1. Because our resolution of the issues presented in this appeal depend upon our construction of the Post-Conviction Procedure Act ("the Act") and the procedural rules at play, our review is de novo with no presumption of correctness afforded to the ruling of the trial court. *See, e.g.*, *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016).

The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)). "It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources." *In re Estate of Davis*, 308 S.W.3d 832, 837 (Tenn. 2010) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)). Any "construction which places one statute in conflict with another is to be avoided, and we must endeavor to resolve any possible conflict between statutes in favor of each other in order to provide

a harmonious operation of laws." *Lovlace v. Copley*, 418 S.W.3d 1, 20 (Tenn. 2013) (citing *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010)).

"Code section 40-30-109 and Rule 28 '[t]ogether . . . provide both what is discoverable and how it is discoverable in a Tennessee post-conviction proceeding.'" *Braylen Bennett v. State*, No. E2016-02276-CCA-R9-PC, slip op. at 4 (Tenn. Crim. App., Knoxville, Jan. 29, 2018) (quoting *Waller v. Bryan*, 16 S.W.3d 770, 776-77 (Tenn. Ct. App. 1999)). Code section 40-30-109 provides that "[d]iscovery is not available in a proceeding under this section except as provided under Rule 16 of the Tennessee Rules of Criminal Procedure." T.C.A. § 40-30-109(b).

We begin by observing that the greatest hurdle to defining the parameters of the post-conviction petitioner's discovery obligation is Rule 16 itself, particularly when read in conjunction with Rule 28. Rule 16 is a trial rule and, as a result, is ill-fitted to the realities of a post-conviction proceeding. In a typical criminal trial, the State initiates the criminal proceeding and bears the burden of proving beyond a reasonable doubt that the defendant has committed the crimes with which he has been charged. Conversely, in a post-conviction proceeding, the post-conviction petitioner initiates the proceeding and bears the burden of proving the factual claims in the post-conviction petition by clear and convincing evidence. It is this reversal of roles that makes application of Rule 16 particularly difficult in a post-conviction proceeding. Moreover, myriad constitutional rights apply at the trial level, which rights inform the application of the discovery requirements in Rule 16, that do not similarly apply at a post-conviction proceeding.

As indicated, by way of a general mandate, the Post-Conviction Procedure Act provides that "[d]iscovery is not available in a proceeding under this section except as provided under Rule 16 of the Tennessee Rules of Criminal Procedure." T.C.A. § 40-30-109(b). Rule 16 provides:

> (a) DISCLOSURE OF EVIDENCE BY THE STATE.
> (1) INFORMATION SUBJECT TO DISCLOSURE.
> (A) DEFENDANT'S ORAL STATEMENT. Upon a defendant's request, the state shall disclose to the defendant the substance of any of the defendant's oral statements made before or after arrest in response to interrogation by any person the defendant knew was a law-enforcement officer if the state intends to offer the statement in evidence at the trial;
> (B) DEFENDANT'S WRITTEN OR RECORDED STATEMENT. Upon a defendant's request, the state shall disclose to the

defendant, and make available for inspection, copying, or photographing, all of the following:

(i) the defendant's relevant written or recorded statements, or copies thereof, if:

> (I) the statement is within the state's possession, custody, or control; and
>
> (II) the district attorney general knows--or through due diligence could know--that the statement exists; and

(ii) the defendant's recorded grand jury testimony which relates to the offense charged.

(C) ORGANIZATIONAL DEFENDANT. Upon a defendant's motion, if the defendant is a corporation, limited liability company, limited liability partnership, partnership, association, or labor union, the court may grant the defendant discovery of relevant recorded testimony of any witness before a grand jury who was:

(i) at the time of the testimony, so situated as an officer or employee as to have been able legally to bind the defendant regarding conduct constituting the offense; or

(ii) at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant regarding that alleged conduct in which the witness was involved.

(D) CODEFENDANTS. Upon a defendant's request, when the state decides to place codefendants on trial jointly, the state shall promptly furnish each defendant who has moved for discovery under this subdivision with all information discoverable under Rule 16(a)(1)(A), (B), and (C) as to each codefendant.

(E) DEFENDANT'S PRIOR RECORD. Upon a defendant's request, the state shall furnish the defendant with a copy of the defendant's prior criminal record, if any, that is within the state's possession, custody, or control if the district attorney general knows--or through due diligence could know--that the record exists.

(F) DOCUMENTS AND OBJECTS. Upon a defendant's request, the state shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, if

the item is within the state's possession, custody, or control and:

  (i) the item is material to preparing the defense;

  (ii) the government intends to use the item in its case-in-chief at trial; or

  (iii) the item was obtained from or belongs to the defendant.

(G) REPORTS OF EXAMINATIONS AND TESTS. Upon a defendant's request, the state shall permit the defendant to inspect and copy or photograph the results or reports of physical or mental examinations, and of scientific tests or experiments if:

  (i) the item is within the state's possession, custody, or control;

  (ii) the district attorney general knows--or through due diligence could know--that the item exists; and

  (iii) the item is material to preparing the defense or the state intends to use the item in its case-in-chief at trial.

(2) INFORMATION NOT SUBJECT TO DISCLOSURE. Except as provided in paragraphs (A), (B), (E), and (G) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law enforcement officers in connection with investigating or prosecuting the case. Nor does this rule authorize discovery of statements made by state witnesses or prospective state witnesses.

(3) GRAND JURY TRANSCRIPTS. This rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rule 6 and Rule 16(a)(1)(A), (B), and (C).

(4) FAILURE TO CALL WITNESS. The fact that a witness's name is furnished under this rule is not grounds for comment on a failure to call the witness.

(b) DISCLOSURE OF EVIDENCE BY THE DEFENDANT.

  (1) INFORMATION SUBJECT TO DISCLOSURE.

  (A) DOCUMENTS AND TANGIBLE OBJECTS. If a defendant requests disclosure under subdivision (a)(1)(F) or (G) of this rule and the state complies, then the defendant shall permit the state, on request, to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions of these items if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to introduce the item as evidence in the defendant's case-in-chief at trial.

(B) REPORTS OF EXAMINATIONS AND TESTS. If the defendant requests disclosure under subdivision (a)(1)(F) or (G) of this rule and the state complies, the defendant shall permit the state, on request, to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to introduce the item as evidence in the defendant's case-in-chief at trial; or

(iii) the defendant intends to call as a witness at trial the person who prepared the report, and the results or reports relate to the witness's testimony.

(2) INFORMATION NOT SUBJECT TO DISCLOSURE. Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of:

(A) reports, memoranda, or other internal defense documents made by the defendant or the defendant's attorneys or agents in connection with the investigation or defense of the case; or

(B) a statement made by the defendant to the defendant's agents or attorneys or statements by actual or prospective state or defense witnesses made to the defendant or the defendant's agents or attorneys.

(3) FAILURE TO CALL WITNESS. The fact that a witness's name is on a list furnished under this rule is not grounds for comment on a failure to call the witness.

(c) CONTINUING DUTY TO DISCLOSE. A party who discovers additional evidence or material before or during trial shall promptly disclose its existence to the other party, the other party's attorney, or the court if:

(1) the evidence is subject to discovery or inspection under this rule, and

(2) the other party previously requested, or the court ordered, its production.

(d) REGULATING DISCOVERY.

(1) PROTECTIVE AND MODIFYING ORDERS. At any time, for good cause shown, the court may deny, restrict, or defer discovery or inspection, or grant other appropriate relief. On a party's motion, the court may permit the party to make such showing, in whole or in part, by written statement that the court will inspect ex parte. If relief is granted following an ex parte submission, the court shall preserve under seal in the court records the entire text of the party's written statement.

(2) FAILURE TO COMPLY WITH A REQUEST. If a party fails to comply with this rule, the court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms or conditions;

(B) grant a continuance;

(C) prohibit the party from introducing the undisclosed evidence; or

(D) enter such other order as it deems just under the circumstances.

(e) ALIBI WITNESSES. Discovery of alibi witnesses is governed by Rule 12.1.

Tenn. R. Crim. P. 16.

Under the plain language of Rule 16, the disclosure of evidence begins with a criminal defendant's making a request for discovery. In a post-conviction proceeding, however, Rule 16's requirement that the defendant, now the petitioner, request discovery under Rule 16 has been supplanted by our supreme court's directive in Supreme Court Rule 28 that the State must provide disclosure "of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution" upon the post-conviction court's finding that the post-conviction petitioner has stated a colorable claim for relief. Tenn. Sup. Ct. R. 28, §6(B)(3)(c); *see also id.* §6(C)(7) ("Upon receiving the court's preliminary order, the [S]tate shall provide to petitioner discovery of all those items deemed discoverable under Rule 16, Tennessee Rules of Criminal Procedure, if relevant to the issues raised in the post-conviction petition, and shall provide any other disclosure required by the state or federal constitution."); *Id.* §7(A) (providing that "[t]he [S]tate shall provide discovery in accordance with Section 6(C)(7)"). Although this language alters the timing of the State's discovery obligation in a way that Code section 40-30-109's general mandate does not, the Post-Conviction Procedure Act specifically authorizes the supreme court to

-15-

"promulgate rules of practice and procedure consistent with this part" to facilitate the handling of post-conviction proceedings. T.C.A. § 40-30-118. The acceleration of the discovery process by requiring automatic disclosure by the State gives "effect to the legislative intent" of the Act "without unduly restricting or expanding [the] statute's coverage beyond its intended scope." *Houghton*, 90 S.W.3d at 678. A rule that hastens the discovery process would effectuate the ultimate purpose of the Post-Conviction Procedure Act, which "was designed to hasten the final resolution of criminal appeals." *Bush*, 428 S.W.3d at 14. Because Rule 28 places upon the State a mandatory obligation to provide Rule 16 discovery, a post-conviction petitioner need not make a request for such materials under Rule 16.

The petitioner contends that Rule 28's failure to specifically impose upon the petitioner an obligation to provide discovery to the State in a post-conviction proceeding absolves the post-conviction petitioner of any obligation to provide reciprocal discovery as provided by Rule 16. In the alternative, he asserts that even if a post-conviction petitioner has a duty to provide reciprocal discovery to the State, the duty is triggered only by the post-conviction petitioner's filing a request for discovery under the terms of Rule 16. This reading, however, ignores both the general mandate provided by the General Assembly in Code section 40-30-109 and the fact that Rule 28 supplants the usual triggering mechanism for Rule 16 discovery with an automatic disclosure requirement for the State. By providing that discovery in a post-conviction proceeding would be under the terms of Rule 16, the legislature clearly contemplated a reciprocal discovery obligation because such an obligation is required under Rule 16. We cannot agree that the legislature and our supreme court intended to create a situation where a post-conviction petitioner, entitled by Rule 28's mandate to Rule 16 discovery even in the absence of a specific request for the same, can simply avoid any obligation to provide reciprocal discovery by refusing to make a request under Rule 16. Such a reading would thwart the general mandate in Code section 40-30-109 and would lead to an absurd result. *See, e.g., State v. Harrison*, 692 S.W.2d 29, 31 (Tenn. Crim. App. 1985) ("One of the accepted rules of statutory interpretation is that courts must presume that the legislature in enacting the provision in question did not intend an absurdity, and that such a result must be avoided, if possible, by reasonable construction of the statute.").

That being said, we cannot agree with the post-conviction court's conclusion that the mere filing of a pro se petition for post-conviction relief triggers the post-conviction petitioner's obligation to provide reciprocal discovery. As indicated, the filing of the post-conviction petition does not trigger the State's discovery obligation in a post-conviction proceeding. Instead, the State's duty to disclose Rule 16 discovery materials is triggered upon the post-conviction court's finding that the post-conviction petitioner has stated a colorable claim for relief and the filing of the preliminary order in the case. *See* Tenn. Sup. Ct. R. 28, §6(B)(3)(C); *id.* §6(C)(7). After the State's duty to

disclose has been triggered by the entry of the post-conviction court's preliminary order, we must revert to the language contained in Rule 16. Regarding the timing for the provision of reciprocal discovery, Rule 16 provides:

> (b) DISCLOSURE OF EVIDENCE BY THE DEFENDANT.
> (1) INFORMATION SUBJECT TO DISCLOSURE.
> (A) DOCUMENTS AND TANGIBLE OBJECTS. If a defendant requests disclosure under subdivision (a)(1)(F) or (G) of this rule *and the state complies, then the defendant shall permit the state, on request*, to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions of these items if:
> > (i) the item is within the defendant's possession, custody, or control; and
> > (ii) the defendant intends to introduce the item as evidence in the defendant's case-in-chief at trial.
> (B) REPORTS OF EXAMINATIONS AND TESTS. If the defendant requests disclosure under subdivision (a)(1)(F) or (G) of this rule *and the state complies, the defendant shall permit the state, on request,* to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, if:
> > (i) the item is within the defendant's possession, custody, or control; and
> > (ii) the defendant intends to introduce the item as evidence in the defendant's case-in-chief at trial; or
> > (iii) the defendant intends to call as a witness at trial the person who prepared the report, and the results or reports relate to the witness's testimony.

Tenn. R. Crim. P. 16(b)(1) (emphasis added). Applying the plain language of Rule 16 in light of the State's mandatory discovery obligation provided by Rule 28, we see that when the State fulfills its discovery obligation as required under the terms of Rule 28 and Rule 16 and makes a request for items subject to reciprocal discovery under Rule 16, the petitioner is required to provide reciprocal discovery.

In this case, the State asserted that it had fulfilled its Rule 28 discovery obligation by complying with the public records act request filed by the Office of the Post-Conviction Defender at the conclusion of the direct appeal in this case. We cannot agree. "Read together, the plain language of Code section 40-30-109 and Rule 28 clearly

-17-

imposes upon the State an affirmative duty to provide discovery materials to the petitioner *as part of the post-conviction proceeding.*" *Braylen Bennett*, slip op. at 5. In *Braylen Bennett*, this court held that "[n]othing in either the statute or the rule suggests that the State fulfills its obligations in the post-conviction proceeding by disclosures that occurred *prior to the commencement of the post-conviction proceeding.*" *Id.* (emphasis added). The record in this case indicates that, following the conclusion of the direct appeal in the petitioner's case but before the filing of the petition for post-conviction relief in this case, the Office of the Post-Conviction Defender made a request pursuant to Code section 10-7-503, part of the Tennessee Public Records Act, to obtain the records of the Sullivan County District Attorney's Office. At that time, the Office of the Post-Conviction Defender had not yet been appointed to represent the petitioner. "The purpose of" the Tennessee Public Records Act is not to provide discovery in criminal or even quasi-criminal proceedings but "to promote public awareness of the government's actions and to ensure the accountability of government officials and agencies by facilitating the public's access to governmental records." *Swift v. Campbell*, 159 S.W.3d 565, 570 (Tenn. Ct. App. 2004) (citing *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002); *Memphis Publ'g Co. v. City of Memphis*, 871 S.W.2d 681, 687-88 (Tenn. 1994)). In consequence, the terms of Rule 16 and the Tennessee Public Records Act differ.

For these reasons, we conclude that the district attorney general's compliance with the public records act request does not absolve it of the mandatory duty to disclose imposed by Rule 28. Importantly, to hold that compliance with a public records act request filed before the filing of a post-conviction petition satisfies the discovery obligation in the post-conviction proceeding "would by judicial action amend" Code section 40-30-109's mandate "that 'discovery is not available in a proceeding under this section except as provided under Rule 16 of the Tennessee Rules of Criminal Procedure'" and "would also require us to ignore the controlling provisions of Supreme Court Rule 28 which dictate the procedure for the Court, the petitioner, and the [S]tate to follow concerning discovery under Rule 16 of the Tennessee Rules of Criminal Procedure in a post-conviction proceeding." *Waller*, 16 S.W.3d at 777. We are unwilling to take such an action.

Accordingly, we hold that a post-conviction petitioner must provide those materials discoverable under Rule 16 to the State when the State has satisfied its discovery obligation in the post-conviction proceeding and has subsequently made a request for such materials. Because the State, by its own admission, has failed to satisfy its discovery obligation *as part of the post-conviction proceeding*, the petitioner's obligation to provide reciprocal discovery materials has not yet been triggered, despite the State's request for discovery. Consequently, we reverse the ruling of the post-

conviction court that the petitioner was required to provide reciprocal discovery to the State.

In this case, the post-conviction court also ordered, under the terms of Tennessee Rule of Evidence 705, that the petitioner disclose to the State the facts and data underlying the conclusions reached by the expert witnesses that the petitioner intended to present at the evidentiary hearing prior to the hearing. The petitioner asserts that the court's ruling is erroneous.

Rule 28 provides that "[t]he Tennessee Rules of Evidence apply in post-conviction proceedings except as otherwise provided by these rules." Tenn. R. Sup. Ct. 28, §3. Tennessee Rule of Evidence 705 provides: "The expert may testify in terms of opinion or inference and give reasons without prior disclosure of the underlying facts or data, *unless the court requires otherwise*. The expert may in any event be required to disclose the underlying facts or data on cross-examination." Tenn. R. Evid. 705 (emphasis added). The plain language of this rule authorizes the post-conviction court to require disclosure of the underlying facts or data before an expert witness testifies. This court has concluded that "'[a]s a general rule, a trial court will require disclosure of the underlying data of the expert's opinion when the court believes that the party opponent will be unable to cross-examine effectively and the reason for such inability is other than the prejudicial nature of such facts or data.'" *State v. Schiefelbein*, 230 S.W.3d 88, 148 (Tenn. Crim. App. 2007) (quoting *State v. Henry Eugene Hodges*, No. 01-C-01-9212-CR-00382, slip op. at 25 (Tenn. Crim. App., Nashville, May 18, 1995) (citation and internal quotation marks omitted)). Here, the State argued that, given the claims presented in the post-conviction petition, it was likely that the petitioner would present expert testimony regarding his mental health history and that pre-hearing disclosure of the facts and data underlying the expert testimony would enable the State to effectively cross-examine the expert witnesses without asking for a continuance. The post-conviction court agreed and concluded that the pre-hearing disclosure of the underlying facts and data was necessary to prevent unnecessary delay in the post-conviction proceeding. Under these circumstances, we cannot say that the post-conviction court erred by ordering that the petitioner would be required to furnish to the State the underlying facts or data prior to the evidentiary hearing.

*Conclusion*

The post-conviction court erred by concluding that the filing of a petition for post-conviction relief created in the petitioner an automatic duty to provide reciprocal discovery materials to the State. The duty to provide reciprocal discovery does not arise until the State has fulfilled its mandatory discovery obligation in the post-conviction proceeding and has made a request for reciprocal discovery. Because the State has not

yet satisfied those requirements, the petitioner is not under a duty at this time to provide reciprocal discovery to the State. Accordingly, we reverse that portion of the post-conviction court's order requiring the petitioner to provide reciprocal discovery to the State. Because Tennessee Rule of Evidence 705 authorizes the post-conviction court to require the prehearing disclosure of facts and data underlying the opinions of those expert witnesses the petitioner intends to present at the evidentiary hearing, we affirm that portion of the post-conviction court's ruling so ordering. We remand the case for further proceedings consistent with this opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE